UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA,        )
                                 )
                Plaintiff,       )
                                 )
v.                               )        No. 3:06-CR-136
                                 )        (PHILLIPS/SHIRLEY)
TIMOTHY LOVEDAY,                 )
                                 )
                Defendant.       )

## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28

U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the district

court as may be appropriate.  This cause came before the undersigned on December 20, 2006, for

a hearing on Defendant's Motion for Detention Hearing [Doc. 83].  Special Assistant United States

Attorney Brownlow Marsh was present representing the government.  Attorney Dennis Francis was

present representing Timothy Loveday, who was also present.

Counsel for the defendant stated that because of outstanding state warrants, the

defendant wished to waive his right to a detention hearing at this time and reserve the right to have

a hearing at a later date, if appropriate.  The government stated no objections.  Pursuant to the

defendant signing a Waiver of Detention Hearing [Doc. 89], the defendant is to be detained. 18

U.S.C. § 3142(f)(2)(B).  The defendant was present and stated that he knew he would remain in jail

pending trial.  For good cause, and by agreement of the defendant, this detention hearing is waived,

and the defendant is detained.

The defendant is aware of his rights to a prompt detention hearing and to require the

government to meet its burden of proving that no conditions of release exist which will reasonably assure his appearance in court and the safety of the community. The defendant knows that if his detention hearing is waived he will remain in custody while it is continued. The defendant acknowledged in open court that he understands his rights and the consequences of waiving his detention hearing. For good cause shown, the defendant's request not to contest, and to waive the detention hearing is hereby **GRANTED.** Accordingly, Defendant's Motion for Detention Hearing [Doc. 83] is **DENIED**.

It is therefore **ORDERED** that:

(1) Defendant's Waiver of Detention hearing is **GRANTED**;

(2) Defendant's Motion for Detention Hearing [Doc. 83] is **DENIED**;

(3) Defendant be committed to the custody of U.S. Marshall's Service;

(4) Defendant be afforded reasonable opportunity for private consultation with counsel; and

(5) On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined is to deliver the defendant to a United States marshal for the purpose of an appearance in connection with any court proceeding; and

(6) Defendant has reserved the right to move for a detention hearing at a later date.

**IT IS SO ORDERED.**

**ENTER:**

_____s/ C. Clifford Shirley, Jr._____
United States Magistrate Judge